No. 3841.—ILLAT NEWELL *v.* H. S. BUCKNER.

If two appeals have been taken from different judgments, rendered at different times be-
tween the same parties, and founded upon the same cause of action, the one devolutive
and the other suspensive, and both appeals are presented in one record, the appeals will
not be dismissed on that account, if both appeals are susceptible of being passed upon at
the same time.

A mortgage given by an heir on his interest in his mother's estate to secure a debt of
his father's to a third person (unless it is so expressed), is not a relinquishment of his
legal mortgage on the property of his father, for debts due him by his father as tutor.
And in case the father's property is sold by his creditor, the heir's preference to the pro-
ceeds of the sale, as a prior and preferred mortgage creditor can not be defeated on the
ground of relinquishment of his mortgage rights by going security for his father.

APPEAL from the Thirteenth Judicial District Court, parish of
Tensas. *Hough,* J. *Farrar & Reeves* and *W. B. Spencer,* for
plaintiff and appellant. *Labatt & Aroni,* for defendant and appellee.

HOWELL, J. H. S. Buckner caused a writ of seizure and sale to
issue against Thomas M. Newell and the Shackleford plantation to be
seized. Illat Newell injoined the sale of the undivided half thereof,
claimed by him, on the ground that having mortgaged his half as an
additional security for the debt of Thomas M. Newell, his father, he is
not personally bound and is entitled to the benefit of discussion; he
also claimed by way of third opposition in the same proceeding the
proceeds of his father's half, by preference, by virtue of a judgment
against his father as tutor with mortgage superior to that of Buckner,
who answered that Illat Newell has by notarial act relinquished all
his claim upon said plantation in favor of the mortgage which he is en-
forcing, and denied the valid existence of said Illat's claim and mort-
gage against his father. Judgment was rendered on twenty-fifth Oc-
tober, 1870, dissolving the injunction, sustaining the plea of discus-
sion, and ordering the sale of Thomas M. Newell's half, and if the
proceeds thereof are not enough to satisfy Buckner's claim, then Illat
Newell's half to be sold to pay the balance. No specific reference is
made in this decree to Illat's demand for the proceeds of his father's
half by preference. From this judgment Illat Newell took a devolu-
tive appeal on twenty-fifth September, 1871.

In the mean time the property was again advertised, and each half
adjudicated to Buckner on first July, 1871. Pending the advertise-
ment, Illat Newell filed a sworn petition of third opposition, claiming
the proceeds as before. To this the plea of *res judicata* was opposed
and sustained on eighteenth April, 1871. From this judgment Illat
Newell took a suspensive appeal on twenty-seventh April, 1871.

A motion is made to dismiss the appeal herein, on the ground that it
is impossible for this court to pass on the matters involved in this
form, there being two distinct actions in which judgments were ren-
dered and appeals granted at different terms of the court, and all
blended in one record.

If it be possible for us to pass intelligently on the matters presented by these two appeals, the motion can not, by its own terms, be sustained. As they have been ably argued both orally and by brief, we will endeavor to dispose of them.

As to the plea of res judicata presented in the suspensive appeal, taken on twenty-seventh April, 1871, it need only be said that the proceedings, embracing it, present the questions and rights which upon this branch of the controversy are presented in the devolutive appeal taken from the first judgment between the same parties, and maintaining the plea would not preclude an examination of said questions, which are regularly before us on said devolutive appeal.

The only question of any practical importance is the right of preference and priority asserted by Illat Newell to the proceeds of his father's half of the plantation sold, and its solution depends on the construction of the act of mortgage executed by said Illat Newell as security for his father's debt. This act may be considered as a part of, or supplement to the one executed by his father, in which the latter bound himself to procure its execution, and it declares that, "in order to secure the payment of the said sum of nineteen thousand and seventy-eight dollars and fifty-four cents, the amount of the three promissory notes aforesaid, and in order also to secure the payment of all lawyers' fees not exceeding five per cent. on the amount for which it may be necessary to institute a suit, he, the said Illat Newell, does by these presents specially mortgage and hypothecate in favor of the said firm of Buckner, Newman & Co., and any and all future holder or holders of said notes or either of them, all and singular, his right, title, interest, share, property, claim and demand of any nature and kind whatsoever of, in and to the property referred to," etc., describing the property seized, which had been mortgaged by his father, Thomas M. Newell, as his property. The above act contains the clause that the mortgageor will not "alienate or encumber the interest in said plantation, which he has or may hereafter have, to the prejudice of this mortgage."

In the foregoing language or any other part of the said act, we can discover nothing which is equivalent to a relinquishment or renunciation of his mortgage rights against or upon his father's property arising from the tutorship or otherwise, but simply a mortgage upon what was susceptible of being mortgaged, his rights in and to the real property, and this was given as additional security to that given by his father in the act of mortgage executed by him, and that mortgage operated only upon his father's property, which was then subject to the minor's mortgage. A renunciation of a right is not to be presumed.

Nor does the fact that Illat Newell demanded the benefit of discussion imply such renunciation, for in the same petition he asserted his

right of mortgage. The record satisfies us that Illat Newell has not lost his superior right of mortgage upon the half of the land sold, which belonged to his father, and that he is entitled to the proceeds thereof, which are not sufficient to satisfy his claim.

It is therefore ordered, that the judgment rendered herein on eighteenth April, 1871, and so much of the one rendered on twenty-fifth October, 1870, as disallows or denies the preference and priority asserted by Illat Newell, plaintiff to the proceeds of the half of the land sold herein as belonging to Thomas M. Newell, and condemns plaintiff to pay costs, be reversed, and it is now ordered that the said right of preference and priority be recognized, and that the proceeds of the one-half of the "Shackleford plantation," sold by the sheriff of the parish of Tensas, on the first July, 1871, as the property of Thomas M. Newell, be paid to the plaintiff, Illat Newell, with costs in both courts.

Rehearing refused.